# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DAVID M. MEYER AND ) <br> NANCY R. MEYER TRUST ) <br> UTA DATED OCTOBER 13, 2006, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. BANK NATIONAL ASSOCIATION, ) <br> ) <br> Defendant. ) | CASE NO. 4:13CV3185 <br> <br> <br> MEMORANDUM <br> AND ORDER |

This matter is before the Court on the Motion for Reconsideration (Filing No. 18), submitted by Plaintiff David M. Meyer and Nancy R. Meyer UTA Dated October 13, 2006, (the "Trust") and the Motion for Sanctions (Filing No. 12) submitted by Defendant U.S. Bank National Association (the "Bank"). For the reasons discussed below, the Motion for Reconsideration will be denied and the Motion for Sanctions will be granted in part.

## FACTUAL AND PROCEDURAL HISTORY

The Trust filed its Complaint (Filing No. 1) in the District Court of Douglas County, Nebraska, presenting one cause of action against the Bank: "Tortious Interference with a Business Relationship or Expectancy." In essence, the Trust alleged that the Bank made a series of loans to David and Nancy Meyer (the "Meyers") as individuals, starting in 2003, then wrongfully declined to extend further credit to them or make payments to third parties on their behalf, leading to the Meyers' bankruptcy in 2010. The Trust further alleged that it was formed by the Meyers for the purpose of operating a swine production business in South Dakota, and the Bank's failure to make timely payments to a feed supplier from March 2010 to August 2010 interfered with the Trust's valid business relationship or

expectancy with the feed supplier. The Trust sought economic damages in the amount of $11,371,000.00, and other relief.

The Bank, a citizen of Ohio for purposes of diversity jurisdiction, removed the action to this Court on November 5, 2013, and moved for summary judgment, asserting that the Trust's claim was barred by *res judicata* and judicial estoppel.

The Bank referred the Court to the Meyers' earlier action against the Bank: *Meyer v. U.S. Bank Nat'l Ass'n*, No. 8:11cv310 (D. Neb. Feb. 10, 2012), in which the Court entered summary judgment in favor of the Bank, dismissing with prejudice the Meyers' claims for breach of contract, fraud, violations of the Nebraska Uniform Deceptive Trade Practices Act, and unjust enrichment. No. 8:11cv310 at Filing No. 22. The U.S. Court of Appeals affirmed that dismissal on May 28, 2013, holding that the Meyers "failed to comply with the revolving credit agreement, and the Bank was entitled to enforce its rights." *Meyer v. U.S. Bank Nat'l Ass'n,* 715 F.3d 703, 705 (8th Cir. 2013). The Bank also referred the Court to the record of proceedings in the U.S. Bankruptcy Court for the District of South Dakota, *In Re Meyer*, No. 10-40672 (Aug. 25, 2010) (the "Bankruptcy Proceeding"), noting that the Meyers stated there, and in their earlier district court action, that *they* were the owners and operators of the South Dakota swine facilities and that the feed supplier was one of *their* creditors. (*See* Bankruptcy Proceeding, Statement of Financial Affairs, Filing No. 7-23, at 3, ¶ 10(b) (affirmation that the Meyers had transferred no property into trust within ten years preceding their bankruptcy filing)); *see also Meyer v. U.S. Bank Nat'l Ass'n*, No. 8:11cv310, Complaint, Filing No. 1 at ¶ 1 (D. Neb. filed Sept. 14, 2011) (representing that the Meyers were the owners of the swine facilities in South Dakota).

The Court granted the Bank's Motion for Summary Judgment (Memorandum and Order, Filing No. 17), noting that the earlier holdings of this Court and the Eighth Circuit were *res judicata*, and that the Trust's Complaint failed to state a claim upon which relief could be granted, because no *unjustified* act of interference[1] had been alleged.

## DISCUSSION

### I. Motion to Reconsider

When a motion for reconsideration addresses a nonfinal order, as opposed to a final judgment, it is properly construed as a Fed. R. Civ. P. 60(b) motion. *Broadway v. Norris*, 193 F.3d 987, 989 (8th Cir. 1999). Still, such motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Arnold v. ADT Sec. Servs., Inc.*, 627 F.3d 716, 721 (8th Cir. 2010) (quoting *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)).

The Trust argues that the Court was required to construe the Complaint liberally, accepting as true all facts alleged in the Complaint, and giving the Trust the benefit of any inferences of law or fact. In support of its argument, the Trust cites *In re Estate of Halstead*, 46 N.W.2d 779, 781 (Neb. 1951) ("If the petition states facts which entitle the plaintiff to relief, whether legal or equitable, it is not demurrable upon the ground that it does not state facts sufficient to constitute a cause of action.").

---

[1] Under Nebraska law, a plaintiff must plead and prove five factual elements to support a claim for tortious interference with a business relationship or expectancy: "(1) the existence of a valid business relationship or expectancy, (2) knowledge by the interferer of the relationship or expectancy, (3) an unjustified intentional act of interference on the part of the interferer, (4) proof that the interference caused the harm sustained, and (5) damage to the party whose relationship or expectancy was disrupted." *Professional Management Midwest, Inc. v. Lund Co.*, 826 N.W.2d 225, 235 (Neb. 2012).

The Court's grant of summary judgment in favor of the Bank was governed by Fed. R. Civ. P. 56, because the Court considered matters outside the pleadings, and all parties were given an opportunity to present material pertinent to the motion. *See* Fed. R. Civ. P. 12(d). Even if the Court had considered the Bank's motion as one under Fed. R. Civ. P. 12(b)(6), the Court's standard of review would not have been that suggested by the Trust. Motions to dismiss under Fed. R. Civ. P. 12(b)(6) are governed by the standards set by the United States Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "Two working principles underlie . . . *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "Second, only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950 (citing *Twombly,* 550 U.S. at 556). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The Trust's Complaint did not state a plausible claim for relief, in light of earlier proceedings, now *res judicata,* establishing that the Bank's refusal to make further extensions of credit to the Meyers was justified. Accordingly, the Trust's motion for reconsideration will be denied.

## II. Motion for Sanctions

The Bank has moved for sanctions against the Trust and its attorneys under Fed. R. Civ. P. 11(c)(2). The Bank has established, through its counsel's affidavit (Filing No. 14) that counsel for the Trust was notified on or about November 12, 2013, that the Bank would seek sanctions pursuant to Rule 11 if the Trust's Complaint was not dismissed within 21 days. The affidavit of Bank's counsel also establishes that the Bank incurred attorney fees, expenses, and charges of $21,686.90, in the successful defense of the Trust's action, and the Court finds the attorney fees, expenses, and charges to have been reasonable.

Whether or not the claim in the Trust's Complaint was presented for an improper purpose such as harassment, the claim was frivolous and its filing was a violation of Rule 11(b)(2) and (3). Rule 11(c)(1) allows the Court to "impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee." Rule 11(c)(4) requires that the Court limit any sanction to what will suffice "to deter repetition of the conduct or comparable conduct by others similarly situated." The Court may "direct[] payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation," but only if "warranted for effective deterrence." *Id.*

Here, the action was brought in the name of the Trust, although, in Nebraska, "a trust is not a legal personality, and the trustee is the proper person to sue or be sued on behalf of the trust." *Back Acres Pure Trust v. Fahnlander*, 443 N.W.2d 604, 605 (Neb. 1989); *see also* Neb. Rev. Stat. § 30-3881(24) (Reissue 2008). The Court is not optimistic

5

that any sanction imposed against the Trust or against David M. Meyer or Nancy R. Meyer, the grantors and trustees of their revocable Trust, will be collected or will deter the Meyers from attempting to initiate further vexatious litigation.

The Animal Law Practice, based in Oregon, and Geordie L. Duckler, an Oregon attorney appearing *pro hac vice*, may have been motivated to pursue this action due to the plight suffered by pigs subjected to alleged "feed deprivation tactics" by the Bank. (*See* Complaint, Filing No. 1-1 at ¶ 23.) It is difficult to determine what sanction would provide "effective deterrence" for The Animal Law Practice and Duckler to help ensure that they refrain from the filing of future frivolous actions.

With respect to Justin D. Eichmann and his law firm, Bradford & Coenen, LLC, no prior Rule 11 violations have come to the attention of this Court. The Court concludes that a modest sanction will suffice to deter Mr. Eichmann from providing legal representation in future cases where the lack of merit is so apparent.

Accordingly,

IT IS ORDERED:

1. The Motion for Reconsideration (Filing No. 18) filed by Plaintiff David M. Meyer and Nancy R. Meyer Trust UTA, dated October 13, 2006, is denied;

2. The Motion for Sanctions (Filing No. 12) filed by Defendant U.S. Bank National Association is granted in part, as follows:

>   (a). A sanction in the total amount of $5,000.00 is imposed under Fed. R. Civ. P. 11 against (1) the David M. Meyer and Nancy R. Meyer Trust UTA Dated October 13, 2006, (2) Geordie L. Duckler and The Animal Law Practice, 9397 S.W. Locust Street, Tigard, OR 97223, and (3) Justin D.

Eichmann and the law firm of Bradford & Coenen, LLC, 1620 Dodge Street, Suite 1800, Omaha, NE 68102-1505, jointly and severally; and

(b). Payment will be made to U.S. Bank National Association c/o Cline, Williams Law Firm, 233 South 13th Street, 1900 U.S. Bank Building, Lincoln, NE 68508-2095, in partial payment of reasonable attorney's fees and expenses resulting directly from the violation.

DATED this 30th day of January, 2014.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge